```
RECEIPT # 58434
AMOUNT $ 150
SUMMONS ISSUED ✓
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 9-3-04
```

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NUMBER:

* * * * * * * * * * * * * * * * * *

ROBERT L. JOHNSON,
                Plaintiff,

v.

TOWN OF SANDWICH, MARYGAIL ALESSE,
PATRICK R. ELLIS, ROBERT S. JONES,
DIANE T. TUCKER, JOHN S. JILLSON,
JAN L. TEEHAN, and GEORGE H. DUNHAM,
                Defendants

**VERIFIED COMPLAINT**

04-11937 DPW

MAGISTRATE JUDGE Bowler

* * * * * * * * * * * * * * * * * *

**PARTIES AND JURISDICTION**

1. The Plaintiff, Robert L. Johnson, is a citizen of the United States, with a residence at 5 Moody Drive, Town of Sandwich, Barnstable County, Commonwealth of Massachusetts 02563; and at all time pertinent herein was and is an officer of the Town of Sandwich Police Department since 1974, and has held the rank of sergeant since 1987.

2. The Defendant, the Town of Sandwich, is a municipality within the Commonwealth of Massachusetts, having been established in 1639, is a municipality within Barnstable County of the Commonwealth of Massachusetts; and has its administrative offices located at 130 Main Street, Sandwich, MA 02563; and is governed by a Town Administrator at all times pertinent herein was the Defendant, George H. Dunham, who answers to Board of Selectmen who are elected by citizens of the Town of Sandwich by staggered terms, and who set policy and approve and/or make

1

appointments to various positions within the town; and in this case appoint the Chief of Police for the Town of Sandwich Police Department; and the Town of Sandwich operates a municipal police department located at 117 Route 6A, Town of Sandwich, MA 02563, in which appointments within same are governed by the applicable laws of the Commonwealth of Massachusetts under Civil Service.

3. The Defendant, MaryGail Alesse, is a citizen of the United States, with a residence of 10 Chadwell Avenue, Sandwich, MA 02563; and at all times pertinent herein was an elected selectman for the Town of Sandwich; and this individual is being sued in her official and personal capacity.

4. The Defendant, Patrick R. Ellis, is a citizen of the United States, with a residence of 28 Springhill Road, East Sandwich, MA 02537; and at all times pertinent herein was an elected selectman for the Town of Sandwich; and this individual is being sued in his official and personal capacity.

5. The Defendant, Robert S. Jones, is a citizen of the United States, with a residence of 19 Highfield Drive, East Sandwich, MA 02537; and at all times pertinent herein was an elected selectman for the Town of Sandwich; and this individual is being sued in his official and personal capacity.

6. The Defendant, Jan L. Teehan, is a citizen of the United States, with a residence of 23 Kiah's Way, East Sandwich, MA 02537; and at all times pertinent herein was an elected selectman for the Town of Sandwich; and this individual is

being sued in her official and personal capacity.

7. The Defendant, Diane T. Tucker, is a citizen of the United States, with a residence of 1 Bourne Avenue, Sandwich, MA 02563; and at all times pertinent herein was an elected selectman for the Town of Sandwich; and this individual is being sued in her official and personal capacity.

8. The Defendant, John S. Jillson, is a citizen of the United States, with a residence of 54 Carleton Drive, East Sandwich, MA 02537; and at all times pertinent herein was an elected selectman for the Town of Sandwich; and this individual is being sued in his official and personal capacity.

9. The Defendant, George H. Dunham, is a citizen of the United States, with a residence of 66 Great Hill Road, South Sandwich, MA 02563; and at all times pertinent herein was and is the Town Administrator for the Town of Sandwich; and this individual is being sued in his official and personal capacity.

10. This Honorable Court has jurisdiction over the subject matter of this Complaint in which the Plaintiff alleges discrimination against him on the basis of age and his status as a Disabled American Veteran (DAV), and the various federal and state laws which prohibit same as to employment; with the Plaintiff having exhausted his administrative remedies through the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission.

**SUMMARY OF THE FACTS**

11. The Plaintiff, Robert L. Johnson, has a date of birth of December 7, 1948, has served with the United States Air Force in the Vietnam Conflict in which he developed a skin condition and was discharged as a Disabled American Veteran (DAV), having been certified as to same in 1972.

12. In 1974, the Plaintiff became an officer of the Sandwich Police Department, at which time it was disclosed and established through the application and appointment process that he was a Disabled American Veteran, and this is part of his personnel file; and in 1987, he was appointed to the rank of sergeant.

13. Since becoming a member of the Sandwich Police Department, the Plaintiff has had extensive experience in all areas of the Department, such as Commanding the Detective Division, Juvenile Officer, Court Police Prosecutor, Drug Task Force, Shift Supervisor, Patrol Supervisor, School Safety Officer, and administrative tasks of every sort within the Sandwich Police Department in either operating or managing.

14. Since obtaining the rank of Sergeant, the Plaintiff has been the Officer in Charge of the Sandwich Police Department on dozens of occasions in the absence of the Chief of Police.

15. On August 29, 1997, the then Sandwich Police Chief, Robert D. Whearty, retired as Police Chief, and in his stead, the Town Administrator, George H. Dunham, appointed Lt. Paul M. Harrington as the Acting Police Chief.

16. Lt. Harrington was appointed Acting Police Chief and served under the provisions of Massachusetts General Laws Chapter 41, Section 97A, the so-called "Strong Chief's Law" and was given an additional amount of salary over and above his Lieutenant's pay in order to compensate him for his role as Acting Police Chief.

17. During 1997 and following, the Commonwealth of Massachusetts, through Civil Service, conducted examinations for the positions of Police Chief for Municipalities throughout the Commonwealth of Massachusetts who were under Civil Service, and would give preference to Disabled American Veterans, a class which included the Plaintiff herein.

18. During November 1997, Selectman MaryGail Alesse was at the Sandwich Police Station, where she made a statement to several officers in the presence of the Plaintiff, "We need to take the Chief's position out of Civil Service so that we do not get stuck with one of those disabled veterans."

19. Later in November 1997, the Selectmen attempted to remove the Police Chief's position out of Civil Service during a Special Town Meeting, under Article 10, in order to circumvent the DAV preference.

20. During the debate on this issue, Selectman Robert S. Jones advanced the position of the Board of Selectmen by stating that the reason for wanting to pull the Chief's position out of Civil Service was due to the fact that "Preference is given first to Veterans, and secondly to Disabled Veterans".

5

21. On November 20, 1997, then Acting Chief of Police, Paul L. Harrington, sent a letter to Civil Service asking whether Disabled Veterans go to the top of the list on the state wide exam, asking how to circumvent that.

22. On December 3, 1997, Civil Service informed then Acting Chief of Police, Paul L. Harrington, that, "You are correct in your assumption that Disabled Veterans go to the top of the list for open competitive exams. They are then listed in order of the score."

23. In that same letter Civil Service informs the Town of Sandwich that, "The eligibility of the applicants to participate in this selection process depends on the basis on which you elect to hold the process. Two options are statutorily available to you, departmental promotional and open competitive."

24. The final information from Civil Service states that, "In a departmental promotional process, eligibility will be limited to current employees in the Sandwich Police Department who have permanent status in the next lower title for one year after certification. Eligibility must be such that there are four eligible candidates that apply for the examination. In an open competitive process, anyone meeting the entrance requirements can apply to participate in the assessment center and must be afforded the opportunity to do so. Applicants in this case do not have to be current civil service employees or residents of Massachusetts."

25. On December 5, 1997, the Town of Sandwich absolutely knew

that, "A preference is given for all Veterans and Disabled Veterans certified by the DPA".

26. On December 11, 1997, the Board of Selectmen appointed Michael J. Miller as a sergeant on the Sandwich Police Department.

27. During that same Selectmen's meeting on December 11, 1997, Selectman Robert Jones moved to adopt the "Special Local Open Competitive Exam with residential preference" for the Office of Chief of Police; and during those discussions, Selectman Jan Teehan expressed concern that the top three (3) candidates would be Disabled Veterans.

28. The discussion by all the Selectmen was as to the Disabled Veterans preference, with Selectman Diane Tucker stating how disgusted she was with the process of the Disabled Veterans preference.

29. During January 1998, the Massachusetts Human Resources Division (Civil Service) issued a Notice of Open Competitive Examination for the position of Police Chief of the Town of Sandwich Police Department, indicating an examination date of May 2, 1998; with the Board of Selectmen requesting residents preference for Town of Sandwich residents.

30. In that Notice, entrance requirements were, inter alia, "Applicants must have at least five years of full-time or equivalent part-time experience in a governmental police force in a managerial, supervisory, or administrative capacity..."

31. The Plaintiff qualified in every respect under these requirements, and on May 2, 1998 the Plaintiff took the state-

wide Civil Service Exam for the position of Police Chief for the Town of Sandwich Police Department, and passed that exam, (with no additional points being given for DAV status).

32. After passing the exam, and then due to his DAV status, the Plaintiff placed second on the state-wide list by Notice dated August 7, 1998; with no other Sandwich officers or Town of Sandwich residents even passing the chief's exam.

33. On October 28, 1998, Civil Service sent to the Board of Selectmen of the Town of Sandwich a list containing six names, of which three candidates indicated they would accept appointment as Police Chief for the Town of Sandwich.

34. Those individuals were, in order of their placement on the list, the Plaintiff, Robert L. Johnson of the Town of Sandwich; Richard J. Gillespie, a sergeant on the Town of Wrentham Police Department, and a resident of Wrentham, MA; and Gary J. Gemme, a Captain on the City of Worcester Police Department, and a resident of Worcester, MA.

35. After receiving that Notice and List of Candidates, pursuant to Massachusetts General Laws Chapter 31, Section 15, the Town of Sandwich was required to terminate the acting appointment of Lt. Paul M. Harrington as Acting Chief of Police, since he did not take the Civil Service Exam for Sandwich Police Chief.

36. Pursuant to Massachusetts General Laws Chapter 31, Section 15, the Town of Sandwich was mandated to replace Lt. Paul M. Harrington with Detective Sergeant Robert L. Johnson, the Plaintiff herein, who was the only candidate on the Sandwich

Police Department who was one of the top three candidates on the list, pending a decision by the Board of Selectmen as to which of these three candidates they would appoint: Johnson, Gillespie, or Gemme.

37. The Town of Sandwich refused to appoint the Plaintiff in the Acting Chief's position, and instead continued with the illegal appointment of Lt. Paul M. Harrington, causing financial damages to the Plaintiff, and further damages by preventing him from gaining further experience, thus demonstrating unlawful discrimination against the Plaintiff.

38. The Plaintiff appealed to Civil Service, and was successful as to this issue; but the overall result was moot since by the time the final decision came down, the Town of Sandwich had already appointed another sergeant, Michael J. Miller, to the position of Chief of Police.

39. On November 5, 1998, when it became apparent to the Plaintiff that the Board of Selectmen were not happy with the Plaintiff being at the top of the Civil Service List, Selectman John S. Jillson said, "We are not going to allow Johnson to become Chief since Whearty says he's no good."

40. On January 20, 1999, when it became apparent that the Board of Selectmen were not happy with him being at the top of the Civil Service List, and in all likelihood were not going appoint him to the position, the Plaintiff approached Selectman Robert S. Jones, and was told by Jones that he was not going to get appointed because he was too old for the job.

41. On January 20, 1999, the Town Administrator Dunham rejected the Plaintiff as Police Chief stating that he is "not assigned broad administrative responsibilities in his current role and has limited budgetary experience."

42. Dunham further states, "My primary concern about Sergeant Johnson, in addition to his lack of regular administrative experience and his performance in the assessment center, is his capability to lead and oversee the complete operations of the Department and its personnel. I have reservations about his current oversight and administrative abilities and believe it would be too large a promotion for him to handle effectively at this time."

43. In that same letter, Dunham recommends that the Selectmen remove the position of Chief of Police from Civil Service, indicating that his primary reason is that the Civil Service process gives certain candidates pre-determined advantages (DAV status) over others **"which runs counter to the Town's normal hiring practices."**

44. On January 21, 1999, based on the recommendation of Dunham, the Board of Selectmen voted unanimously to "bypass" Detective Sergeant Robert L. Johnson from being Chief of Police.

45. On February 14, 2000, the Town of Sandwich Board of Selectmen appointed Michael J. Miller as Chief of the Police Department.

## CAUSE OF ACTION

46. The Plaintiff says that he was discriminated against by the Town of Sandwich through their public officials, acting individually and in concert, as the governing body for the Town of Sandwich, the Board of Selectmen then duly constituted, and the Town Administrator, George H. Dunham, and violated federal and state statutes protecting the Plaintiff based on age, the Plaintiff having a date of birth of December 7, 1948, and his status as a Disabled American Veteran.

47. The Town of Sandwich and all of the individually named Defendants knew that the Plaintiff was a Disabled American Veteran, and that he was fifty (50) years old during the time of these events.

48. Each individually named Defendant expressed views against the appointment of a Disabled American Veteran for the position of Police Chief, and the preference given to them under law.

49. Each Defendant in concert attempted to circumvent federal and state laws giving preference to Disabled American Veterans.

50. Each named Defendant knew that Robert L. Johnson was the only member of the Sandwich Police Department eligible to be appointed Police Chief, and they knew that Johnson was a DAV.

51. The official reason advanced by the Defendants for refusing to appoint the Plaintiff to the position of Police Chief was that he lacked regular administrative experience and his capability to lead and oversee the complete operations of the Department and its personnel, and his administrative abilities.

52. One year later, the Town of Sandwich appointed Michael J. Miller, an individual who had only been a sergeant for one year when he became an applicant in the Chief's process.

53. Sgt. Michael J. Miller was an applicant who had no broad police experience, and had no administrative or supervisory experience within the Town of Sandwich Police Department.

**PRAY FOR RELIEF**

The Plaintiff hereby demands that this Honorable Court enter Judgment for the Plaintiff, and orders the following:

A. That the Town of Sandwich be ordered to appoint the Plaintiff to the Position of Police Chief for the Town of Sandwich Police Department, forthwith;

B. That the damages suffered by the Plaintiff as a result of this discrimination by all of these Defendants, jointly and severely, be determined and awarded to the Plaintiff;

C. That the Plaintiff be awarded punitive damages with respect to the discriminatory actions committed against him by these Defendants;

D. That the Plaintiff be awarded his costs and interest with respect to this matter; and,

E. That the Plaintiff be awarded his reasonable attorney fees in having to prosecute this matter.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES TRIABLE BY JURY.**

ROBERT L. JOHNSON
By his attorney,

*/s/ James R. McMahon, III*

James R. McMahon, III
BBO# 552111
Law Offices of James R. McMahon, III, P.C.
25 Main Street, Second Floor
Post Office Box 313
Buzzards Bay, MA  02532-0313
(508) 759-9099

## **VERIFICATION OF COMPLAINT**

I, Robert L. Johnson first being duly sworn, do hereby state that I am the Plaintiff in the foregoing Complaint, and that I have read the foregoing Complaint, that I know and understand the contents therein, and that same is true to the best of my knowledge; except as to those matters therein which are upon information and belief, and as to those matters I believe them to be true.

_____
ROBERT L. JOHNSON


COMMONWEALTH OF MASSACHUSETTS

Barnstable, ss.                                             September 2, 2004

Then personally appeared before me the above-named Robert L. Johnson, and acknowledged that he executed the foregoing instrument as his free act and deed for the purposes expressed therein.

_____
Janice R. Grenier
Notary Public
My Commission Expires:
November 13, 2009

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NUMBER:

```
* * * * * * * * * * * * * * * * * *
                                   *
ROBERT L. JOHNSON,                 *
                      Plaintiff,   *
v.                                 *
                                   *        PLAINTIFF'S DEMAND
TOWN OF SANDWICH, MARYGAIL ALESSE, *        FOR TRIAL  BY JURY
PATRICK R. ELLIS, ROBERT S. JONES, *
DIANE T. TUCKER, JOHN S. JILLSON,  *
JAN L. TEEHAN, and GEORGE H. DUNHAM,*
                      Defendants   *
                                   *
* * * * * * * * * * * * * * * * * *
```

NOW comes the Plaintiff, Robert L. Johnson, and hereby demands a trial by jury in the United States District Court on all matters triable by jury.

ROBERT L. JOHNSON
By his attorney,

*/s/ James R. McMahon, III*
James R. McMahon, III, Esquire
BBO #552111
Law Offices of James R. McMahon
25 Main Street, Second Floor
Post Office Box 313
Buzzards Bay, MA  02532
508-759-9099

Dated:  September 2, 2004

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Robert L. Johnson

### DEFENDANTS
Town of Sandwich, et al

**(b)** County of Residence of First Listed Plaintiff: Barnstable
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: Barnstable
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of James R. McMahon, III
25 Main Street, Second Floor
Post Office Box 313
Buzzards Bay, MA 02532    BBO#552111

Attorneys (If Known)

**04-11937DPW**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Employment Discrimination as to age and disabled American Veteran

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _James R. McMahon_

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Robert L. Johnson
   Town of Sandwich, et al

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   [✓] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   [✓] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   [ ] V.   150, 152, 153.

   04-11937DPW

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [✓]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [✓]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [✓]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   James R. McMahon, III
ADDRESS   25 Main Street, Second Floor, Post Office Box 313, Buzzards Bay, MA 02532
TELEPHONE NO.   (509) 759-9099

(Coversheetlocal.wpd - 10/17/02)