UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NUMBER: 04-11937 DPW

* * * * * * * * * * * * * * * * *
ROBERT L. JOHNSON,         *
            Plaintiff      *
                           *
v.                         *   **AMENDED VERIFIED COMPLAINT**
                           *
TOWN OF SANDWICH, MARYGAIL ALESSE, *
PATRICK R. ELLIS, ROBERT S. JONES, *
DIANE T. TUCKER, JOHN S. JILLSON,  *
JAN L. TEEHAN and GEORGE H. DUNHAM, *
            Defendants     *
                           *
* * * * * * * * * * * * * * * * *

NOW come the Plaintiff, Robert L. Johnson, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and hereby submits his amended Complaint against all the Defendants, as follows:

**PARTIES AND JURISDICTION**

1. The Plaintiff, Robert L. Johnson, was born in Norwood, MA on December 7, 1948, is a citizen of the United States, with a residence at 5 Moody Drive, Town of Sandwich, Barnstable County, Commonwealth of Massachusetts 02563; and at all time pertinent herein was and is an officer of the Town of Sandwich Police Department since 1974, has held the rank of sergeant since 1987, and possesses a Master's Degree in Criminal Justice; and further, at all time pertinent herein and now, he has the most seniority on the Sandwich Police Department.

2. The Defendant, the Town of Sandwich, is a municipality within the Commonwealth of Massachusetts, having been established in 1639, is a municipality within Barnstable County of the

1

Commonwealth of Massachusetts with administrative offices located at 130 Main Street, Sandwich, MA 02563; is governed by a Town Administrator who at all times pertinent herein was and is the Defendant, George H. Dunham, who answers to the Board of Selectmen who are elected by citizens of the Town of Sandwich by staggered terms, and who set policy and approve and/or make appointments to various positions within the town; and in this case appoint the Chief of Police for the Town of Sandwich Police Department; and the Town of Sandwich operates a municipal police department located at 117 Route 6A, Town of Sandwich, MA 02563, in which appointments within same are governed by the applicable laws of the Commonwealth of Massachusetts under Civil Service; and this Defendant, the Town of Sandwich, receives federal funds and federal grants for its Police Department and police personnel.

3. The Defendant, MaryGail Alesse, is a citizen of the United States, with a residence of 10 Chadwell Avenue, Sandwich, MA 02563; and at all times pertinent herein was an elected selectman for the Town of Sandwich; and this individual is being sued in her official and personal capacity.

4. The Defendant, Patrick R. Ellis, is a citizen of the United States, with a residence of 28 Springhill Road, East Sandwich, MA 02537; and at all times pertinent herein was an elected selectman for the Town of Sandwich; and this individual is being sued in his official and personal capacity.

5. The Defendant, Robert S. Jones, is a citizen of the United

States, with a residence of 19 Highfield Drive, East Sandwich, MA 02537; and at all times pertinent herein was an elected selectman for the Town of Sandwich; and this individual is being sued in his official and personal capacity.

6. The Defendant, Jan L. Teehan, is a citizen of the United States, with a residence of 23 Kiah's Way, East Sandwich, MA 02537; and at all times pertinent herein was an elected selectman for the Town of Sandwich; and this individual is being sued in her official and personal capacity.

7. The Defendant, Diane T. Tucker, is a citizen of the United States, with a residence of 1 Bourne Avenue, Sandwich, MA 02563; and at all times pertinent herein was an elected selectman for the Town of Sandwich; and this individual is being sued in her official and personal capacity.

8. The Defendant, John S. Jillson, is a citizen of the United States, with a residence of 54 Carleton Drive, East Sandwich, MA 02537; and at all times pertinent herein was an elected selectman for the Town of Sandwich; and this individual is being sued in his official and personal capacity.

9. The Defendant, George H. Dunham, is a citizen of the United States, with a residence of 66 Great Hill Road, South Sandwich, MA 02563; and at all times pertinent herein was and is the Town Administrator for the Town of Sandwich; and this individual is being sued in his official and personal capacity.

10. This Honorable Court has jurisdiction over the subject matter

3

of this Complaint in which the Plaintiff alleges discrimination against him on the basis of his age and his status as a Disabled American Veteran (DAV), contrary to federal and state laws prohibiting such discrimination as to employment; with the Plaintiff having exhausted his administrative remedies through the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission.

## SUMMARY OF THE FACTS

11. The Plaintiff served with the United States Air Force from 1967 to 1972, including a tour of duty in the Vietnam War, contracted a debilitating skin disease, which resulted in his certification as a Disabled American Veteran (DAV) upon his Honorable Discharge in 1972, at the rank of Staff Sergeant, having been the Non-Commissioned Officer (NCO) in charge of a group of over fifty (50) civilian and military personnel.

12. In 1974, after having passed the Civil Service Examination, and being certified by Civil Service as a DAV, the Plaintiff became an officer of the Sandwich Police Department; his DAV status was entered into his personnel file, which is a permanent record of the Town of Sandwich.

13. In 1987, the Plaintiff was promoted to the rank of sergeant, based on his test score and veteran's preference; said veteran's preference became a permanent record of the Town of Sandwich.

14. Since becoming a member of the Sandwich Police Department, the

4

Plaintiff has had extensive experience in all areas of the Department, such as: Commanding Officer of the Detective Division, Juvenile Officer, Court Prosecutor, Drug Task Force, Shift Supervisor, Patrol Supervisor, School Safety Officer, and a wide variety of administrative and supervisory tasks in operations and management.

15. Since attaining the rank of sergeant, the Plaintiff has been the Officer in Charge of the Sandwich Police Department on dozens of occasions in the absence of the Chief of Police.

16. On August 29, 1997, the then Sandwich Police Chief Robert D. Whearty retired and in his stead Lt. Paul M. Harrington was appointed as the Acting Police Chief.

17. Lt. Harrington, as Acting Police Chief, served under the provisions of Massachusetts General Laws Chapter 41, Section 97A, the so-called "Strong Chief's Law", and was given an additional amount of salary over and above his lieutenant's pay in order to compensate him for his role as the Acting Police Chief.

18. During 1997 and following, the Commonwealth of Massachusetts, through Civil Service, conducted examinations for the positions of Police Chief for municipalities throughout the Commonwealth of Massachusetts which were under Civil Service, and which by law gave preference to Disabled American Veterans, a class which included the Plaintiff.

19. During November 1997, Selectman MaryGail Alesse was at the Sandwich Police Station, where she made a statement to several

officers in the presence of the Plaintiff, "We need to take the Chief's position out of Civil Service so that we do not get stuck with one of those disabled veterans."

20. Later in November 1997, during a Special Town Meeting, under Article 10, the Selectmen of the Town of Sandwich attempted to remove the Police Chief's position from Civil Service in order to circumvent the DAV preference.

21. During the debate on Article 10, Selectman Robert S. Jones stated the position of the Board of Selectmen as wanting to pull the position of Police Chief out of Civil Service due to the fact that preference is given to Veterans, and super preference to Disabled Veterans, or words to that effect.

22. Article 10 was soundly defeated by the citizens of the Town of Sandwich at that open Special Town Meeting, resulting in the position of Police Chief remaining under Civil Service.

23. On November 20, 1997, Acting Police Chief Paul L. Harrington sent a letter to Civil Service asking whether Disabled Veterans go to the top of the list on the statewide exam, and inquired as to how the Town of Sandwich could circumvent that.

24. On December 3, 1997, Civil Service informed Harrington that "You are correct in your assumption that Disabled Veterans go to the top of the list for open competitive exams. They are then listed in order of the score."

25. In that same letter, Civil Service informs the Town of Sandwich that "The eligibility of the applicants to participate in this selection process depends on the basis on

6

which you elect to hold the process. Two options are statutorily available to you, departmental promotional and open competitive."

26. The final information from Civil Service in that letter states that, "In a departmental promotional process, eligibility will be limited to current employees in the Sandwich Police Department who have permanent status in the next lower title for one year after certification. Eligibility must be such that there are four eligible candidates that apply for the examination. In an open competitive process, anyone meeting the entrance requirements can apply to participate in the assessment center and must be afforded the opportunity to do so. Applicants in this case do not have to be current civil service employees or residents of Massachusetts."

27. On December 5, 1997, the Town of Sandwich knew that, "A preference is given for all Veterans and Disabled Veterans certified by the DPA."

28. On December 11, 1997, the Board of Selectmen appointed Michael J. Miller as a sergeant on the Sandwich Police Department.

29. During that same Selectmen's meeting on December 11, 1997, Selectman Robert Jones moved to adopt the "Special Local Open Competitive Exam with residential preference" for the Office of Chief of Police; and during those discussions, Selectman Jan Teehan expressed concern that the top three (3) candidates would be Disabled Veterans.

30. The discussion by the Selectmen was about the Disabled

      Veterans preference, with Selectman Diane Tucker stating how disgusted she was with the process of the Disabled Veterans preference.

31. During January 1998, the Massachusetts Human Resources Division, (Civil Service), issued a Notice of Open Competitive Examination for the position of Police Chief for the Town of Sandwich Police Department, with an examination date set for May 2, 1998; with the Board of Selectmen requesting residents preference for Town of Sandwich residents.

32. In that Notice, entrance requirements were, inter alia, "Applicants must have at least five years of full-time or equivalent part-time experience in a governmental police force in a managerial, supervisory, or administrative capacity..."

33. The Plaintiff qualified in every respect under these requirements, and on May 2, 1998 the Plaintiff took the state-wide Civil Service Exam for the position of Police Chief for the Town of Sandwich Police Department, and passed that exam, [with no additional points being given for his DAV status].

34. No Sandwich Police Officer and no Town of Sandwich resident passed that chief's exam except the Plaintiff; and then due to his DAV status, the Plaintiff placed second on the statewide list by Notice dated August 7, 1998.

35. On October 28, 1998, Civil Service sent to the Board of Selectmen of the Town of Sandwich a list containing six names, of which three candidates indicated they would accept an appointment as Police Chief for the Town of Sandwich.

36. Those three candidates were in order of their placement on the list: the Plaintiff, Robert L. Johnson, a Detective Sergeant and Commanding Officer of the Detective Division of the Sandwich Police Department and resident of the Town of Sandwich; Richard J. Gillespie, a sergeant on the Town of Wrentham Police Department and resident of Wrentham, MA; and Gary J. Gemme, a Captain on the City of Worcester Police Department and resident of Worcester, MA.

37. After receiving that Notice and List of Candidates, pursuant to Massachusetts General Laws Chapter 31, Section 15, the Town of Sandwich was required to terminate the provisional appointment of Lt. Paul M. Harrington as Acting Chief of Police, as he did not take the Civil Service Exam for Sandwich Police Chief.

38. Pursuant to Massachusetts General Laws Chapter 31, Section 15, the Town of Sandwich was mandated to replace Lt. Paul M. Harrington with Detective Sergeant Robert L. Johnson, because Johnson was the only candidate on the Sandwich Police Department and the only Town of Sandwich resident who passed the examination, and he was the top candidate on the eligibility list; pending a decision by the Board of Selectmen as to which of these three candidates they would permanently appoint: Johnson, Gillespie, or Gemme.

39. Contrary to law, the Town of Sandwich refused to appoint the Plaintiff as the Acting Chief, and instead continued with the illegal provisional appointment of Lt. Paul M. Harrington as

9


Acting Police Chief.

40. This violation of law by the Defendants resulted in financial damages to the Plaintiff, and additional damages by preventing him from gaining further experience; thus by this violation of law, the Town of Sandwich demonstrated continuing discrimination against the Plaintiff.

41. The Plaintiff appealed to Civil Service the refusal of the Town of Sandwich to appoint him as Acting Chief, and was successful as to this issue; however, the overall result was moot since by the time the final decision came down from Civil service, the Town of Sandwich had already permanently appointed another sergeant, Michael J. Miller, to the position of Chief of Police.

42. On November 5, 1998, despite the fact that the Plaintiff was the top candidate on the Civil Service List, and the only Sandwich resident and Sandwich Police Officer to pass the examination, making him the only eligible candidate, Selectman John S. Jillson, stating the position of the Board of Selectmen, said "We are not going to allow Johnson to become Chief since Whearty says he's no good."

43. On January 20, 1999, Selectman Robert S. Jones told the Plaintiff that he was not going to get appointed as Police Chief because he was "too old for the job".

44. On January 20, 1999, Town Administrator Dunham rejected the Plaintiff as Police Chief by conjuring up the premise that Johnson is "not assigned broad, administrative responsi-

bilities in [his] current roles and ha[s] limited budgetary experience."

45. In addition, for the first time, Dunham advanced the notion that his "primary concern about Sergeant Johnson, in addition to his lack of regular administrative experience and his performance in the assessment center, is his capability to lead and oversee the complete operations of the Department and its personnel. I have reservations about his current oversight and administrative abilities and believe it would be too large a promotion for him to handle effectively at this time."

46. In that same letter, Dunham recommends that the Selectmen remove the position of Chief of Police from Civil Service stating that his primary reason is that, "The Civil Service process gives certain candidates [DAV] pre-determined advantages [DAV preference] over others **which runs counter to the Town's normal hiring practices.**"

47. Dunham's interpretation of the "Town's normal hiring practices" is wrong since the normal hiring practices of the Town of Sandwich with respect to the Sandwich Police Department are governed by statute, i.e.: Civil Service law; and further, the citizens of the Town of Sandwich had already expressed their "hiring practice" favoring Civil Service by soundly defeating Article 10 at the Special Town Meeting in November 1997.

48. On January 21, 1999, the Board of Selectmen voted unanimously to "bypass" Detective Sergeant Robert L. Johnson from being

11

Chief of Police.

49. Shortly thereafter, the Defendants refused to call for a "New List" from Civil Service; but instead developed a scheme which established a new process for appointing a Police Chief, and thus circumvented the Civil Service DAV preference, and the Civil Service requirement that "Applicants must have at least five years of full-time or equivalent part-time experience in a governmental police force in a managerial, supervisory, or administrative capacity...".

50. The collective actions and stated decisions and positions by these Defendants formulated a collective policy and hostile environment against Johnson, and demonstrated that there was no way that Johnson would ever be appointed as Police Chief for the Town of Sandwich; and thus frustrated Johnson from further participation in the subsequent Chief's process.

51. One year later, the Town of Sandwich appointed Michael J. Miller, an individual who had only been a sergeant for one year when he became an applicant in the subsequent Chief's process; which said appointment violated the job description for Chief of Police of the Town of Sandwich, which requires that applicants must have a minimal experience qualification of at least five years as a sergeant.

52. Sgt. Michael J. Miller, at the time of his appointment to the position of Police Chief, had no broad police experience, had no administrative experience, had no broad supervisory experience, and had no budgetary experience, within the Town

of Sandwich Police Department.

53. Immediately upon the appointment of Sgt. Michael J. Miller to the position of police chief by these Defendants, Johnson was removed from his position as second in command of the Sandwich Police Department, and he was placed under the authority of junior officers.

54. Further, following the appointment of Sgt. Michael J. Miller as police chief by these Defendants, Johnson was demoted from his position as the Detective Sergeant Commanding Officer of the Detective Division and transferred to uniform patrol and traffic details.

55. Prior to 2001, the past hiring practice of the Sandwich Police Department as to part time positions was to consider and hire applicants who are children of present employees, even though those applicants were not eligible under Civil Service.

56. The retaliation of Johnson continued into 2001 when his son became eligible under Civil Service for a permanent intermittent (part time) position, having scored 93 on the Civil Service examination, and he was not even considered for an appointment; even though there was an oppressive amount of private detail workload requiring full time officers to be ordered to perform extra details due to the lack of manpower.

## CAUSES OF ACTION

57. The Plaintiff has been discriminated against by the Town of Sandwich through their public officials, acting individually and in concert; as the governing body for the Town of Sandwich, the Board of Selectmen then duly constituted, and the Town Administrator, George H. Dunham, had violated federal and state statutes protecting the Plaintiff from discrimination based on age, (the Plaintiff having a date of birth of December 7, 1948), and his status as a Disabled American Veteran.

58. The Town of Sandwich and all of the individually named Defendants knew that the Plaintiff was fifty (50) years old at the time of his rejection as Chief of Police.

59. The Town of Sandwich and all of the individually named Defendants knew that the Plaintiff was a Disabled American Veteran at the time of his rejection as Chief of Police.

60. Each individually named Defendant expressed views and engaged in actions against the appointment of a Disabled American Veteran to the position of Police Chief, and the DAV preference given under law to the Plaintiff.

61. Each Defendant individually and in concert attempted to circumvent federal and state laws which gives preference to Disabled American Veterans.

62. Each Defendant knew that the Plaintiff was a Disabled American Veteran.

63. Each Defendant knew that the Plaintiff was a resident of the

Town of Sandwich.

64. Each Defendant knew that the Plaintiff was the only member of the Police Department eligible to be appointed Police Chief.

65. Each Defendant knew that the Plaintiff was and still is the senior member of the Sandwich Police Department.

66. The "official" reason advanced for refusing to appoint the Plaintiff to the position of Police Chief was that he "lacked regular administrative experience and capability to lead and oversee the complete operations of the Department and its personnel..."; even though the Plaintiff actually possessed over ten (10) years in administrative, managerial, and supervisory experience in leading and overseeing operations within the Department.

67. One year after "bypassing" the Plaintiff as Police Chief, the Town of Sandwich appointed Michael J. Miller, an individual who had only been a sergeant for one year when he became an applicant in the subsequent Chief's process.

68. Sgt. Michael J. Miller, at the time of his appointment to the position of Police Chief, was younger than the Plaintiff, had no broad police experience, and had no administrative, supervisory, and budgetary experience within the Town of Sandwich Police Department, or anywhere else for that matter.

69. This complete lack of administrative, supervisory, and budgetary experience on the part of Miller was not a disqualifier for Miller as it apparently had been for Johnson.

70. Miller was chosen from a field with only one other candidate.

15

## PRAYER FOR RELIEF

The Plaintiff hereby demands that this Honorable Court enter Judgment for the Plaintiff, and order the following:

A. That the Town of Sandwich be ordered to appoint the Plaintiff to the Position of Police Chief for the Town of Sandwich Police Department, forthwith;

B. That the damages suffered by the Plaintiff as a result of this discrimination by all of these Defendants, jointly and severally, be determined and awarded to the Plaintiff;

C. That the Plaintiff be awarded punitive damages with respect to the discriminatory, unlawful, actions committed against him by these Defendants;

D. That the Plaintiff be awarded his costs and interest with respect to this matter; and,

E. That the Plaintiff be awarded his reasonable attorney fees in having to prosecute this matter.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES TRIABLE BY JURY.**

ROBERT L. JOHNSON
By his attorney,

James R. McMahon, III
BBO# 552111
Law Offices of James R. McMahon, III, P.C.
25 Main Street, Second Floor
Post Office Box 313
Buzzards Bay, MA  02532-0313
(508) 759-9099

Dated: October 29, 2004

16

**VERIFICATION OF AMENDED COMPLAINT**

I, Robert L. Johnson, first being duly sworn, do hereby state that I am the Plaintiff in the foregoing Amended Complaint, and that I have read the foregoing Amended Complaint, that I know and understand the contents therein, and that same is true to the best of my knowledge; except as to those matters therein which are upon information and belief, and as to those matters I believe them to be true.

Dated:   October 29, 2004              _____
                                        ROBERT L. JOHNSON


COMMONWEALTH OF MASSACHUSETTS

Barnstable, ss.                                          October 29, 2004

   Then personally appeared before me the above-named Robert L. Johnson, and acknowledged that he executed the foregoing instrument as his free act and deed for the purposes expressed therein.

                                        _____
                                        Janice R. Grenier
                                        Notary Public
                                        My Commission Expires:
                                        November 13, 2009