UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11937DPW

| | |
|---|---|
| ROBERT JOHNSON, )<br>    Plaintiff, )<br>vs. )<br>TOWN OF SANDWICH, MARYGAIL )<br>ALESSE, PATRICK R. ELLIS, ROBERT )<br>S. JONES, DIANE T. TUCKER, JOHN S. )<br>JILLSON, JAN L. TEEHAN and )<br>GEORGE H. DUNHAM, )<br>    Defendants ) | |

### DEFENDANTS' MOTION TO DISMISS

The Defendants, Town of Sandwich, Marygail Alesse, Patrick R. Ellis, Robert S. Jones, Diane T. Tucker, John S. Jillson, Jan L. Teehan, and George H. Dunham ("Defendants") hereby move to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the Plaintiff failed to file his Complaint within the three-year statute of limitations. As further grounds the Defendants state as follows:

1. The Plaintiff claims that he was discriminated against on the basis of his age and disabled veterans status when he was not appointed to the position of Chief of Police of the Town of Sandwich Police Department.

2. In his Complaint, the Plaintiff claims that on January 20, 1999, he was rejected as Police Chief (Complaint ¶¶ 43, 47) and that on January 21, 1999 he was unceremoniously "bypassed" from being Chief of Police.

       Complaint ¶48. One year later (2000), the Plaintiff claims the Town appointed Michael J. Miller to be Chief.

3. The Plaintiff filed his Complaint with the Massachusetts Commission Against Discrimination on August 15, 2000, a period in excess of the six (6) months after the time of the Complaint accrued.

4. The Plaintiff did not file the subject Complaint in the United States District Court until November 4, 2004, well over four years after the unlawful practice alleged.

5. Pursuant to Massachusetts General Laws chapter 151B, §9, a Complaint may, at the expiration of ninety days after the filing of a Complaint with the Commission, or sooner if a Commissioner asserts in writing, <u>but not later than three years</u> after the alleged unlawful practice occurred, bring a civil action for damages. The filing of a Complaint with the MCAD does not toll the statute of limitations for filing a Complaint under G.L. c. 151B §9. <u>Hudak v. Massachusetts Commission Against Discrimination</u>; 61 Mass. App. Ct. 1121 (2004); See <u>Christos v. Edward G. Boyle Insurance Agency</u>, 402 Mass. 815 (1988).

6. As the Plaintiff did not file his Complaint until over four years after he filed his Complaint with the MCAD and EEOC and in excess of four years since the unlawful practices alleged, his Complaint must be dismissed.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Plaintiff's Complaint.

Respectfully submitted,
The Defendants,
Town of Sandwich, Marygail Alesse, Patrick R. Ellis, Robert S. Jones, Diane T. Tucker, John S. Jillson, Jan L. Teehan and George H. Dunham,
By their attorneys,

/s/ Deborah I. Ecker
Leonard H. Kesten, BBO No. 542042
Deborah I. Ecker, BBO No.: 554623
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza, 12th Floor
Boston, MA  02116
(617) 880-7100

DATED: November 18, 2004