UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NUMBER: 04-11937-DPW

```
* * * * * * * * * * * * * * * * * *
                                  *
ROBERT L. JOHNSON,                *
                    Plaintiff,    *
v.                                *
                                  *
TOWN OF SANDWICH, MARYGAIL ALESSE, *
PATRICK R. ELLIS, ROBERT S. JONES, *
DIANE T. TUCKER, JOHN S. JILLSON,  *
JAN L. TEEHAN, and GEORGE H. DUNHAM,*
                    Defendants     *
                                  *
* * * * * * * * * * * * * * * * * *
```

**PLAINTIFF'S OPPOSITION
TO   DEFENDANTS'
MOTION TO DISMISS**

NOW comes the Plaintiff, Robert L. Johnson, pursuant to the order issued by this Honorable Court on January 14, 2005, and hereby opposes the Defendants' Motion to Dismiss, based on failure to file within the three hundred (300) day Statue of Limitations of the EEOC.  The Plaintiff's opposition is based on the following:

1.   The final act of discrimination by these Defendants against the Plaintiff occurred on February 14, 2000, with the permanent appointment of a younger, not disabled, and less experienced individual to the open Chief's position.

2.   The Plaintiff's filing of discrimination was on August 11, 2000, and received by the EEOC on August 15, 2000, as part of a simultaneous filing with the MCAD.

3.   The MCAD issued a finding on June 9, 2003.

4.   With the receipt of the final decision of the MCAD, the Plaintiff requested the EEOC to conduct their own investigation and issue a determination based on same.

1

5.  Following the investigation by the EEOC, a final determination issued adverse to the Plaintiff, along with a Notice of Suit Rights permitting him to file his action with this Honorable Court; said Notice originally dated June 7, 2004.

6.  The Plaintiff timely filed his action before this Honorable Court within the time period required under said Notice.

7.  The Defendants did not raise any Statute of Limitation issues before the EEOC, and accordingly the failure to raise same there is now waived.


WHEREFORE, since the Plaintiff filed with the EEOC his claim of discrimination well within the three hundred (300) day Statute of Limitations, which began on February 14, 2000, the last day of discrimination, the Plaintiff was well within the EEOC Statute of Limitations. Accordingly, the Plaintiff prays this Honorable Court deny the Defendants' Motion to Dismiss.


ROBERT L. JOHNSON
By his attorney,

James R. McMahon, III
BBO #552111
Law Offices of James R. McMahon, III, PC
25 Main Street, Second Floor
Post Office Box 313
Buzzards Bay, MA  02532
(508) 759-9099

Dated:  February 3, 2005

2

## CERTIFICATE OF SERVICE

I, James R. McMahon, III, Esquire, attorney for the Plaintiff, Robert L. Johnson, do hereby certify this date that I have served a true copy of the within Plaintiff's Opposition to the Defendants' Motion to Dismiss, Plaintiff's Supporting Affidavit with Exhibits, and Defendants' Memorandum of Law in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss, upon all of the Defendants, by mailing same, first-class, postage prepaid, to their attorneys of record, Leonard H. Keston, Esquire and Deborah I. Ecker, Esquire, of Brody, Haroon, Perkins & Kesten, LLP, at One Exeter Plaza, Boston, MA 02116.

Dated:   February 3, 2005

James R. McMahon, III