UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NUMBER: 04-11937 DPW

```
* * * * * * * * * * * * * * * * *
                                 *
ROBERT L. JOHNSON,               *
              Plaintiff          *
v.                               *   MEMORANDUM OF LAW IN
                                 *   SUPPORT OF PLAINTIFF'S
TOWN OF SANDWICH, MARYGAIL ALESSE,*   OPPOSITION TO DEFENDANTS'
PATRICK R. ELLIS, ROBERT S. JONES,*   MOTION TO DISMISS
DIANE T. TUCKER, JOHN S. JILLSON, *
JAN L. TEEHAN, and GEORGE H. DUNHAM,*
              Defendants         *
                                 *
* * * * * * * * * * * * * * * * *
```

NOW comes the Plaintiff, Robert L. Johnson, and hereby files this Memorandum of Law in Plaintiff's Opposition to the Defendants' Motion to Dismiss the Plaintiff's Federal Discrimination Claims.

The Defendants asserted, as ground for their Motion to Dismiss, that the Plaintiff failed to file his claim with the EEOC within the three hundred (300) day Statute of Limitations. This matter was not addressed or raised before the EEOC.

In issuing their determination on June 9, 2003, the MCAD stated the following:

> The Commission issues the following determination. Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. **No finding is made as to any other issues that might be construed as having been raised by this complaint.** (Emphasis added.) (See Defendants' Exhibit 3.)

After receiving his final decision from MCAD, the Plaintiff requested that the EEOC conduct their own investigation.

The Defendants allege that the final discriminatory act against the Plaintiff occurred on January 21, 1999, when the Defendants voted to bypass the Plaintiff for appointment to the position of Chief of Police of the Town of Sandwich. However, the Plaintiff appealed that decision to Civil Service, and the Town of Sandwich did not as yet appoint any one to the open position of permanent chief. The discrimination by the Defendants was continuous and ongoing through the Civil Service appeal hearings right up to February 14, 2000. Consequently, their argument that his claim was not filed within the EEOC three hundred (300) day Statute of Limitations is incorrect.

The discrimination by the Defendants against the Plaintiff extended and continued beyond the date of their vote on January 21, 1999, and culminated with the appointment of a younger, not disabled, and less experienced individual to the Chief's position on February 14, 2000. The Plaintiff filed his appeal of this permanent appointment with Civil Service; and on August 11, 2000 he also filed his claims with the MCAD and the EEOC before the decision was made by Civil Service, in order to avoid having his claims time barred. The filing of the Plaintiff's claims with MCAD (and, simultaneously with the EEOC), were well within the three hundred (300) day Statute of Limitations, and were thus timely.

As the Plaintiff's MCAD and EEOC claims were duly filed within the required three hundred (300) days of the date of the final discriminatory act on February 14, 2000 against the Plaintiff, the

2

Defendants' Motion to Dismiss is groundless, and must be denied as a matter of law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court deny the Defendants' Motion to Dismiss.

ROBERT L. JOHNSON
By his attorney,

*/s/ James R. McMahon, III*

James R. McMahon, III
BBO # 552111
Law Offices of James R. McMahon, P.C.
25 Main Street, Second Floor
Post Office Box 313
Buzzards Bay, MA  02352-0313
(508) 759-9099

Dated:  February 3, 2005