UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11937DPW

|   |   |
|---|---|
| ROBERT JOHNSON, | ) |
| Plaintiff, | ) |
| vs. | ) |
| TOWN OF SANDWICH, MARYGAIL ALESSE, PATRICK R. ELLIS, ROBERT S. JONES, DIANE T. TUCKER, JOHN S. JILLSON, JAN L. TEEHAN and GEORGE H. DUNHAM, | ) |
| Defendants | ) |

### SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S TITLE VII CLAIM

The Defendants, the Town of Sandwich, Marygail Alesse, Patrick R. Ellis, Robert S. Jones, Diane T. Tucker, John S. Jillson, Jan L. Teehan and George Dunham ("Defendants") file this Supplemental Memorandum of Law in support of the Defendants' Motion to Dismiss the Plaintiff's federal discrimination claims on the grounds that any such claims are time barred. At the status conference held on November 21, 2005, the Court gave the parties the opportunity to file supplemental memoranda of law analyzing the Court's rulings in National Railroad Passenger Corporation v. Morgan, 536 U.S. 101 (2002) with the facts. After review of National Railroad Passenger Corporation, the Defendants still assert that the Plaintiff's Title VII claim is time barred as the discrete act of discrimination occurred more than 300 days before the charge of discrimination was filed with the MCAD or the EEOC.

In his Complaint, the Plaintiff claims that the Defendants all discriminated against him on the basis of his age and Disabled American Veteran status when they failed to promote him to Chief of Police on January 21, 1999. The Plaintiff did not file his discrimination claim with the Massachusetts Commission Against Discrimination ("MCAD") until August 15, 2000 – well after the 300 days allowed for the filing of such claims.

As a general rule, a complainant must file a discrimination charge with the EEOC within 180 days of the occurrence of the alleged unlawful employment practice. Equal Employment Opportunity Commission v. Commercial Office Products Company, 486 U.S. 107 (1988) citing § 706(e), 42 U.S.C. §2000e-5(e). If a complainant initially institutes proceedings with a state or local agency with authority to grant or seek relief from the practice charged, the time limit for filing with the EEOC is extended to 300 days. Id. Specifically, Section 706(e) provides:

> "A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed with the Commission with the State or local agency".

As the Plaintiff, Robert Johnson filed his charge with the MCAD, the time limit for filing his charge of discrimination with the EEOC was extended to 300 days. As the Court noted in National Railroad Passenger Corporation, the question then is what constitutes an "unlawful practice" and when has that practice "occurred"? The Court's

2

ruling in that case was clear. A discrete retaliatory or discriminatory act "occurred" on the day that it "happened". A party must therefore file a charge within either 180 days or 300 days of the date of the act or lose the ability to recover. National Railroad Passenger Corporation, 536 U.S. at 110. Here, the Plaintiff complains of a discrete discriminatory act and does not allege a hostile work environment. Specifically, the Plaintiff alleges that the Defendants discriminated against him on the basis of his age and his status as a Disabled American Veteran when they did not appoint him to the position of Chief of Police on or before January 20, 1999. The Plaintiff admits in his Complaint that he was told on January 20, 1999 that he was not going to be appointed to the Chief's position and that the Defendants voted unanimously to bypass the Plaintiff from being Chief of Police on January 21, 1999. Plaintiff's Complaint at ¶48. According to the Plaintiff, it was at that time that he understood that there was no way that he would ever be appointed as Police Chief of the Town of Sandwich and so he did not participate in any subsequent Chief's process. Complaint at ¶50. Therefore, the Plaintiff lost his ability to recover for that discrete act of alleged discrimination if he did not file his charge of discrimination within 300 days from January 21, 1999. The Complainant did not file his charge of discrimination within that required time period. In fact, the Plaintiff did not file his Complaint with the MCAD (dually filed with the EEOC) until August 15, 2000 – well over 300 days after the discriminatory act alleged. As the last discriminatory act alleged occurred in January 1999 and the Plaintiff did not file his Complaint with the EEOC until August 2000, his federal discrimination claims must fail as being time barred.

Wherefore, the Defendants respectfully request that this honorable Court grant the Defendants' Motion to Dismiss.

Respectfully submitted,
The Defendant,
Town of Sandwich, Marygail Alesse, Patrick R. Ellis, Robert S. Jones, Diane T. Tucker, John S. Jillson, Jan L. Teehan, and George H. Dunham,
By their attorneys,

/s/ Deborah I. Ecker
Leonard H. Kesten, BBO No. 542042
Deborah I. Ecker, BBO No.: 554623
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza, 12th Floor
Boston, MA 02116
(617) 880-7100

DATED: December 5, 2005