UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NUMBER: 04-11937 DPW

```
* * * * * * * * * * * * * * * * * *
                                   *
ROBERT L. JOHNSON,                 *
                    Plaintiff      *
v.                                 *   MEMORANDUM OF LAW IN
                                   *   SUPPORT OF PLAINTIFF'S
TOWN OF SANDWICH, MARYGAIL ALESSE, *   OPPOSITION TO DEFENDANTS'
PATRICK R. ELLIS, ROBERT S. JONES, *   MOTION TO DISMISS
DIANE T. TUCKER, JOHN S. JILLSON,  *
JAN L. TEEHAN, and GEORGE H. DUNHAM,*
                    Defendants     *
                                   *
* * * * * * * * * * * * * * * * * *
```

NOW comes the Plaintiff, Robert L. Johnson, and hereby files this Memorandum of Law in Plaintiff's Opposition to the Defendants' Motion to Dismiss the Plaintiff's Federal Discrimination Claims.

At issue in the instant proceeding is the compliance with the applicable 300 day Statute of Limitation requirement for filing a charge with the EEOC so as to render the Plaintiff eligible to file his discrimination lawsuit in the U.S. District Court. Defendants Town of Sandwich and its selectmen/persons at the time relevant to this action contend that the operative moment for the running of the limitations period ran from the time that the selectmen informed Mr. Johnson on January 21, 1999, that he was no longer a candidate for the Sandwich Police Chief position, despite his positively superior credentials. However, Mr. Johnson was not definitely and permanently removed from contention until the appointment and acceptance of Michael Miller to the position of Chief of Police of the Town of Sandwich on February 14, 2000. (See Plaintiff's Affidavit, previously filed).

1

As set forth in previous filings, there has existed an ongoing pattern of hostile and oppressive employment environment as exemplified by statements about how certain selectmen didn't want any disabled veterans in the Police Chief position; how the selectmen wanted to take the position of Police Chief out of civil service; and despite that Plaintiff's top rating on the eligibility examinations, the Town of Sandwich continued to squelch his candidacy. The final straw occurred on February 14, 2000, when the Town of Sandwich committed their final and ultimate act of discrimination by appointing a younger, non-disabled, and far less experienced candidate to the Police Chief position.

Plaintiff's claim of discrimination was filed with the EEOC on August 11, 2000, and received by the EEOC on August 15, 2000, as part of a simultaneous filing with the MCAD, well within the 300 day Statute of Limitation requirement.

The controlling law in this circumstance can be ascertained from the U.S. Supreme Court case of National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 153 L.Ed.2d 106, 122 S.Ct. 2061 (2002). The Court in Morgan, (Thomas, J.), held explicitly that,

> "... A charge alleging a hostile work environment claim, however, will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period."

Plaintiff Robert Johnson asserts to this Honorable Court that the appointment of Michael Miller to the position of Chief of

Police of the Town of Sandwich was directly related to the pattern of discrimination imposed upon him, and was a serious and final blow in the discriminatory, oppressive, and hostile actions which were part of the same actionable hostile work environment practice of the Town of Sandwich.  As such, it occurred well within the 300 day limitations period, as an act in furtherance of the same hostile employment environment which finally eliminated Mr. Johnson's candidacy for the Police Chief position, for which he was the most qualified candidate.

The holding in Morgan has been followed several times in the First Circuit, most notably in Brissette v. Franklin County Sheriffs Office, 235 F.Supp.2d 63 (D. Mass. 2003), wherein it was held specifically that:

> "In a hostile environment case, a spectrum of discriminatory conduct, occurring over a span of time, will be actionable when, for example, the pre- and post-limitations period incidents involve the same type of employment actions, occurred relatively frequently and were perpetrated by the same managers.  Civil Rights Act of 1964, § 706(d), as amended, 42 U.S.C.A. § 2000e-5(e)(1, 2); M.G.L.A. c. 151B, § 5."

Similarly, in the matter of Andujar v. Nortel Networks, Inc., __ F.Supp.2d __, 2005 WL 2883180 (D. Mass.), an employer's motion for summary judgment was denied on Statute of Limitations grounds. In Andujar, the Court stated that:

"Hostile work environment claim will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the statutory time period; thus, court's task is to determine whether acts about which employee complains are part of the same actionable hostile work environment practice, and if so, whether any act falls within the statutory time period. 42 U.S.C.A. § 2000e-5(e)(1, 2); M.G.L.A. c. 151B, § 5."

Accordingly, Plaintiff asserts that the fact that the appointment of Michael Miller as Chief of Police of the Town of Sandwich on February 14, 2000, was the operative act in the pattern of hostile employment environment accorded Robert Johnson, fell well within the time period for filing and, consequently Defendant's Motion to Dismiss should be denied as a matter of law.

WHEREFORE, based on all of the foregoing, the Plaintiff respectfully requests that this Honorable Court deny the Defendants' Motion to Dismiss.

                                    ROBERT L. JOHNSON
                                    By his attorney,

                                    /s/ James R. McMahon, III
                                    James R. McMahon, III
                                    BBO # 552111
                                    Law Offices of James R. McMahon, P.C.
                                    25 Main Street, Second Floor
                                    Post Office Box 313
                                    Buzzards Bay, MA  02352-0313
                                    (508) 759-9099

Dated:   December 2, 2005

## CERTIFICATE OF SERVICE

I, James R. McMahon, III, Esquire, attorney for the Plaintiff, Robert L. Johnson, do hereby certify this date that I have served a true copy of the within Plaintiff's Memorandum of Opposition to the Defendants' Motion to Dismiss, upon all of the Defendants, by mailing same, first-class, postage prepaid, to their attorneys of record, Leonard H. Keston, Esquire and Deborah I. Ecker, Esquire, of Brody, Haroon, Perkins & Kesten, LLP, at One Exeter Plaza, Boston, MA 02116.

Dated:   December 2, 2005
_____
James R. McMahon, III