UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
ROBERT L. JOHNSON,            )
     Plaintiff,               )
                              )      CIVIL ACTION NO.
          v.                  )      04-11937-DPW
                              )
TOWN OF SANDWICH, MARYGAIL    )
ALESSE, PATRICK R. ELLIS,     )
ROBERT S. JONES, DIANE T.     )
TUCKER, JOHN S. JILLSON, JAN  )
L. TEEHAN, and GEORGE H.      )
DUNHAM,                       )
     Defendants.              )
```

MEMORANDUM AND ORDER
March 26, 2007

In this age and disability discrimination action, the Plaintiff, implicitly recognizing that his claims of discrete discriminatory acts confront insuperable barriers erected by the applicable statute of limitations, has attempted--after expressly and candidly denying at a scheduling conference in this matter that he was presenting a hostile work environment claim--to recast his case by argument as one for hostile work environment. A belated rhetorical *volte-face*, however, is insufficient to overcome the Plaintiff's earlier expressed and well-founded acknowledgment that his allegations do not state a hostile work environment claim. What is fairly alleged by Plaintiff is a discriminatory failure to provide an appointment to a senior position where the relevant discriminatory acts occurred well outside the statute of limitations period. As a consequence, I

will direct the Clerk to dismiss this case on statute of limitation grounds.

I

On January 21, 1999, the Defendant Town of Sandwich and its duly authorized officials declined to appoint the Plaintiff, Robert L. Johnson, a disabled veteran more than 40 years old, Acting Chief of Police, allegedly because of his age and disability. The Defendants then "developed a scheme which established a new process for appointing a Police Chief, and thus circumvented the Civil Service D[isabled] A[merican] V[eteran] preference." Johnson concluded that these actions "demonstrated that there was no way that Johnson would ever be appointed as Police Chief for the Town of Sandwich; and thus frustrated Johnson from further participation in the subsequent Chief's [selection] process." Over a year later, on February 14, 2000, the Defendants appointed a younger man, who was not disabled, as the permanent Chief of Police. Johnson then brought employment discrimination claims with the relevant administrative agencies.

The Defendants seek to dismiss the federal[1] discrimination claims which he continues to pursue through this lawsuit. The

---

[1] At the initial scheduling conference in this matter on January 11, 2005, I allowed the Defendants' Motions to dismiss as to his Massachusetts state law discrimination claims which I found not to have been timely filed under the state's anti-discrimination regime. I afforded the parties at that time an opportunity to brief the question of dismissal of the federal discrimination claims on statute of limitations grounds.

Defendants argue that the federal claims are time-barred because the Plaintiff did not file a complaint simultaneously with the Massachusetts Commission Against Discrimination and the federal Equal Employment Opportunity Commission (EEOC) until at least August 11, 2000,[2] or more than 300 days after the final relevant alleged discriminatory acts, which they contend occurred in January 1999.

The Plaintiff opposes dismissal, arguing that the final act of discrimination actually occurred on February 14, 2000, with the appointment of the younger man as Chief, and that therefore he filed with the EEOC within the limitations period.  Plaintiff seeks, in effect, to press the case through a hostile work environment theory he abandoned during a scheduling conference at which I afforded the parties the opportunity to brief Defendants' motion to dismiss further.  The Plaintiff also contends that the Defendants have waived any statute of limitations defense in any event because they did not raise the issue before the EEOC.

## II

When a motion for dismissal "is premised on the running of the applicable limitations period" a court may only grant it "if the Rule 12(b)(6) record leaves no doubt that the asserted claim

---

[2] Johnson alleges this date in an affidavit filed in opposition to the motion to dismiss.  The Defendants assert the filing date was August 15 in their briefing.  I treat this factual dispute in the light most favorable to the Plaintiff.

is time-barred." *Jorge v. Rumsfel*, 404 F.3d 556, 561 (1st Cir. 2005)(internal quotation and citation omitted).

In a case such as this,[3] "a Title VII plaintiff must file a charge with the EEOC within 300 days 'after the alleged unlawful employment practice occurred.'" *Marrero v. Goya of Puerto Rico, Inc.*, 304 F.3d 7, 18 (1st Cir. 2002) (quoting 42 U.S.C. § 2000e-5(e)). Federal law differentiates between a discrete retaliatory or discriminatory act, which occurs "for purposes of the statute of limitations on the day that it 'happened,'" *id.* (quoting *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002)), and hostile work environment claims, which "do not 'turn on single acts but on an aggregation of hostile acts

---

[3] If a complainant initially institutes proceedings with a state or local agency with authority to grant or seek relief from the practice charged, the time limit for filing with the EEOC is extended to 300 days. *E.E.O.C. v. Commercial Office Products Co.*, 486 U.S. 107, 110 (1988) (citing 86 Stat. 105, §706(e), 42 U.S.C. §2000e-5(e)). Section 706(e) provides: "A charge under this section **shall be filed within one hundred and eighty days** after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, **except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency** with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, **such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred**, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency."

extending over a period of time.'" *Id.* (quoting *Havercombe v. Dep't of Educ.*, 250 F.3d 1, 6 (1st Cir. 2001)).  Here, the Plaintiff is in essence alleging that for discriminatory reasons the Town of Sandwich failed to promote him to the position of Chief of Police.  Consequently, the Plaintiff was required to file a charge within 300 days of the date of the last discriminatory act evidencing that failure.  *Id.* (citing *Morgan*, 536 U.S. at 115).

### A.    DISCRETE DISCRIMINATORY ACTS

The Plaintiff alleges that the Town formally rejected his appointment as Police Chief on January 21, 1999.  As alleged in the complaint, "[s]hortly thereafter, the Defendants refused to call for a 'New List' from Civil Service; but instead developed a scheme which established a new process for appointing a Police Chief, and thus circumvented the Civil Service [disabled veterans] preference, and the Civil Service" experience requirement.  [Complaint, ¶ 49.]  He further alleges that the Defendants' subsequent actions and stated decisions demonstrated to Johnson "that there was no way that [he] would ever be appointed as Police Chief for the Town of Sandwich; and thus frustrated Johnson from further participation in the subsequent Chief's process."  [Complaint, ¶ 50.]  In his complaint and opposition to the motion to dismiss papers, the Plaintiff obliquely describes his frustration conclusorily as "ongoing and

continuing discrimination."  The Plaintiff also conclusorily alleges that the "last act of discrimination against [him]" was the appointment of a younger candidate who was not disabled on February 14, 2000.  But the frustrating behavior took place no later than "shortly after" January 21, 1999 and the final appointment of someone else took place well after Plaintiff admits he recognized that Defendants' actions would deprive him of the opportunity to become Police Chief and he affirmatively took himself out of the running.

    The Supreme Court has rejected use of a continuing violation doctrine for claims arising from discrete discriminatory acts. *Morgan*, 536 U.S. at 110-14.  "Discrete acts such as termination, **failure to promote**, denial of transfer, or refusal to hire are easy to identify.  Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'  [The Plaintiff] can only file a charge to cover discrete acts that 'occurred' within the appropriate time period."  *Id.* at 114 (emphasis supplied). Like the plaintiff in *Morgan*, the Plaintiff here has alleged that he suffered from numerous discriminatory acts: however "only incidents that took place within the timely filing period are actionable."  *Id.*  Having in frustration taken himself out of the running for promotion well before the reach of the timely filing period, Johnson cannot contend that he suffered from some

6

discrete act by the Defendants that occurred within the appropriate time period.

Only those acts that occurred 300 days before August 11, 2000, the day that the Plaintiff says he filed his charge with EEOC, are actionable. *Morgan*, 536 U.S. at 110.  This means that only discriminatory acts that occurred after mid-October 1999 are actionable.  "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.  Each discrete discriminatory act starts a new clock for filing charges alleging that act.  The charge, therefore, must be filed within the . . . 300-day period after the discrete discriminatory act occurred."  *Id.* at 113.

Given these principles, and the Plaintiff's concession that he withdrew from further running for the position on his own initiative, out of frustration as a result of the Defendants' actions, it is apparent the animating core of the Plaintiff's discriminatory allegations 'occurred' or 'happened' no later than when he gave up his quest for the position in January 1999.  Since those actions occurred more than the 300 day time limit before the EEOC filing, they cannot form the basis for this action.

7

**B.   HOSTILE WORK ENVIRONMENT**

At the further scheduling conference in this case on November 21, 2005, I focused on the applicability of the federal statute of limitations. I specifically inquired of Plaintiff's counsel:

> THE COURT:  Is this a hostile work environment claim; is that what - -
>
> MR. McMAHON:  No.  No, Your Honor.  It's ... based on age discrimination and also the plaintiff is a disabled American veteran.

In response to my further question about what "takes [the case] within that [statute of limitations] time period," counsel candidly responded: "The main issue was the age. As we see it, Your Honor, it was the age."[4] He went on to explain:

> We're alleging that the final act was when they appointed someone else making it definitive on February 14, 2000. But if you count it from the day that the selectmen told him they were going to bypass him, which was in January of 1999, there's no question we missed the 300 days.

Observing there was important case law in the Supreme Court's decision in *Morgan*, which the parties had not addressed in their submissions, I solicited further briefing from the

---

[4]  This assertion was well taken. While the words "ongoing and continuing discrimination" appear in the Plaintiff's complaint, the "Causes of Action" allege only discrimination on the basis of age and Disabled American Veteran status from specific discrete acts.

parties.

After confronting *Morgan*, Plaintiff's counsel attempted to adopt the hostile environment theory he had dismissed as inapplicable with a definitive "No" at the further scheduling conference. A good and sufficient reason to reject a hostile work environment theory is that having narrowed the issues in contention as part of the Rule 16 pre-trial process, Plaintiff may not without some good cause thereafter broaden the issues in contravention to a representation to the Court. More fundamentally, I find there is no adequate allegation of a hostile work environment claim in the complaint. The core of Plaintiff's resurrected hostile work environment theory appears to be that he continued to be frustrated by the Defendants' decision not to appoint him as Acting Chief and their decision to restructure the qualifications for the permanent position so that he was unlikely to be successful if he applied, which he chose not to do. That is not continuing discrimination but rather an action completed "shortly after" January 21, 1999. An unalleged cause of action for "hostile work environment" cannot extend the statute of limitations period in this case.

### C. WAIVER

In an effort to turn the table on the Defendants, Plaintiff also contends conclusorily that because "the defendants did not raise any Statute of Limitation issues before the EEOC . . . the

failure to raise same there is now waived."  Like the appellants in *Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino*, 410 F.3d 41 (1st Cir. 2005), the Plaintiff "offer[s] no support for [his] assertion that the failure to initially raise the defense before the EEOC was fatal, given that the EEOC did not reach a decision on the merits."  *Id.* at 45.

As the First Circuit noted, "[i]n *Ester* [*v. Principi*, 250 F.3d 1068 (7th Cir. 2001)], the Seventh Circuit [in holding] that an *agency* waives a timeliness defense in a subsequent lawsuit if it decides the merits of a complaint, [restated] adherence to 'the well-settled rule that agencies do not waive a timeliness defense merely by accepting and investigating a discrimination complaint.'  [250 F.3d] at 1072 n. 1 (citing Fifth, Ninth and D.C. Circuit cases)."  *Id.*  And, as the First Circuit concluded in *Mercado,* those principles are applicable here, "where the EEOC issued right-to-sue letters without reaching the merits of appellants' claims."  *Id.*  Thus, I find that the Defendants did not waive their right to raise a timeliness defense in this civil action.

### III.  CONCLUSION

For the reasons set forth more fully above, the Clerk is directed to dismiss this case as time barred.

/s/ Douglas P. Woodlock

_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE